IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMERICAN WESTERN HOME                §
INSURANCE COMPANY,                   §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §    CIVIL ACTION NO. H-10-3191
                                     §
TRISTAR CONVENIENCE                  §
STORES, INC.,                        §
                                     §
        Defendants.                  §

MEMORANDUM AND ORDER

Pending is Plaintiff American Western Home Insurance Company's Motion for Summary Judgment (Document No. 11). After carefully considering the motion, response, and the applicable law, the Court concludes as follows.

I.  Background

In this insurance dispute governed by Texas law, Plaintiff American Western Home Insurance Company ("American Western") seeks a declaratory judgment that it has no further duty to defend nor to indemnify Defendant Tristar Convenience Stores, Inc. ("Tristar") in a pending state court action. The relevant facts are undisputed. Tristar is the sole remaining defendant in Sinue and Sandra Miranda, Individually and As Next Friend of Jesse Miranda v. Bhanu LLC, et al, No. 2008-00151, in the 129th Judicial District Court of

Harris County, Texas (the "Underlying Suit"), wherein the plaintiffs seek recovery for the shooting of Sinue Miranda by an unknown assailant while Miranda was working at a Houston area convenience store.[1]  Tristar is an additional named insured on a Commercial General Liability policy (the "Policy") issued by American Western to Bhanu, LLC ("Bhanu").[2]  The Policy limit for coverage is $1 million, and American Western's "right and duty to defend when we have used up the applicable limit of insurance in the payment of judgments or settlements."[3]  Plaintiffs in the Underlying Suit also named as defendants Bhanu, Gulshan Enterprises, Inc. ("Gulshan"), Motiva Enterprises ("Motiva"), and Shell Oil Co. ("Shell").

Subject to reservation of rights letters, American Western provided a defense to Bhanu and Tristar under the Policy, and also to Gulshan and Motiva pursuant to a marketing contract between Bhanu and Tristar.[4]  In March 2009, plaintiffs in the Underlying Suit made a demand of settlement in the amount of the Policy's limits of $1 million, which would have released all defendants in

---

[1] Document No. 11 at 1; id., ex. 2 at 2.

[2] See id., ex. 1.

[3] Id., ex. 1 at

[4] Id., ex. 2 at 1, 13.

the suit.[5] American Western rejected the offer, asserting that the Policy did not cover the claims alleged in the plaintiffs' suit.[6]

The underlying plaintiffs made a second demand for $4 million, this time upon the insurers of Tristar and Gulshan, for the aggregate of their policy limits.[7] Tristar's insurer asserted that its policy was excess to American Western's insurance obligations, thereby making American Western responsible for responding to the offer.[8] Both Tristar and Gulshan, through counsel, demanded that American Western tender the Policy's limits as a counter-offer of settlement to the underlying plaintiffs.[9]   American Western obtained an extension of the settlement deadline from the underlying plaintiffs,[10] then offered its $1 million policy limits in exchange for a full release of all defendants.[11]

The underlying plaintiffs rejected that offer, instead responding with an offer to release *only Bhanu* in exchange for

---

[5] Id., ex. 3 at 2.

[6] Id., ex. 7.

[7] Id., ex. 8.

[8] Id., ex. 9.   Tristar's insurer informed the underlying plaintiffs of the same, and rejected the settlement offer.   Id., ex. 10.  Nothing on the record shows whether Gulshan's insurer ever responded to the demand.

[9] Id., exs. 11, 12.

[10] Id., ex. 13.

[11] Id., ex. 17.

3

$1 million from American Western,[12] which offer Bhanu's counsel demanded that American Western accept.[13] American Western convinced the underlying plaintiffs to include Motiva in the release, and thereafter settled the claims against Bhanu and Motiva in exchange for $1 million paid from American Western pursuant to the Policy.[14] Gulshan and its insurance carrier settled the case, as well, leaving only Tristar in the Underlying Suit.[15]

American Western continues to provide a defense to Tristar, but brought this suit seeking a declaratory judgment that it owes no further duty to defend or indemnify Tristar.[16] Tristar has counterclaimed, asserting that American Western is subject to both common-law and statutory liability due to its unreasonable refusal to settle with respect to all parties upon the underlying plaintiffs' initial offer.[17] American Western has moved for summary judgment on its declaratory judgment action.

---

[12] Id., ex. 19.

[13] Id., ex. 20.

[14] Id., ex. 23. Prior to finalizing settlement, American Western notified Tristar and Gulshan of its decision to accept the underlying plaintiffs' offer, as modified. Id., ex. 21.

[15] Id. at 10. Neither party identifies what became of Shell in the underlying suit, but both agree Tristar is now the only remaining defendant.

[16] Document No. 1 at 3-4 (Orig. Cmplt.).

[17] Document No. 6 at 3-4.

4

## II.  Legal Standard

### A.  Summary Judgment

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).[18]  The movant must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct.

_____

[18] Rule 56 was amended effective December 1, 2010.  Because this motion was filed prior to that date, the previous version of the rule is applied.

2505, 2513 (1986).  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  <u>Kelley v. Price-Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  <u>Id.</u>  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  <u>Anderson</u>, 106 S. Ct. at 2513.

B.   <u>Stowers Duty</u>

In Texas, an insurer whose policy does not permit its insured to settle claims without its consent[19] owes to its insured a common law "tort duty."  <u>Ford v. Cimarron Ins. Co., Inc.</u>, 230 F.3d 828, 831 (5th Cir. 2000) (citing <u>G.A. Stowers Furniture Co. v. Am. Indem. Co.</u>, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved)); *see also* <u>Rocor Int'l v. Nat'l Union Fire Ins. Co. of Pittburgh, PA</u>, 77 S.W.3d 253, 263 (Tex. 2002) (noting the <u>Stowers</u>

---

[19] Under the Policy, Tristar could not "voluntarily make a payment, assume any obligation, or incur any expense other than for first aid without [American Western's] consent" unless it did so "at [its] own cost."  Document No. 11, ex. 1 at CG 00 01 10 93, p. 8 of 12.

decision's basis in part "upon the insurer's control over settlement"). The insurer must accept an offer of settlement from a third party to whom the insured may be liable "when it appears that an ordinary prudent person in the insured's situation would have settled." Ford, 230 F.3d at 831. However, a settlement demand only triggers a Stowers duty when: "(1) the claim against the insured is within the scope of coverage; (2) the demand is within the policy limits; and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." Am. Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 849 (Tex. 1994).

## III.   Discussion

American Western requests a declaration that it "has neither the duty to defend nor the duty to indemnify" Tristar.[20] Although it phrases its request only in terms of a duty to defend or indemnify, and not in terms of a tort duty as imposed by the Stowers doctrine, American Western devotes much of its briefing to the asserted inapplicability of the Stowers doctrine. Its motion will therefore be treated as one requesting a declaration that it owes no duty--contractual or otherwise--to Tristar.

---

[20] Document No. 11 at 10.

A.   <u>Contractual Duties</u>

It is uncontroverted that American Western's contractual duties under the Policy to defend and indemnify have been extinguished by its payment of the Policy limits of $1 million on behalf of its named insured Bhanu and Bhanu's indemnitee, Motiva.[21] Hence, American Western has no contractual duty to defend nor to indemnify Tristar under the Policy.

B.   <u>Stowers Duty</u>

The <u>Stowers</u> duty,[22] as discussed above, is a duty imposed by the common law and actionable in tort as a claim for negligence. *See* <u>Universe Life Ins. Co. v. Giles</u>, 950 S.W.2d 48, 60 (Tex. 1997) ("Breach of the duty is usually characterized as a tort--either negligence, as in Texas . . . or bad faith." (citing <u>Md. Ins. Co. v. Head Indus. Coatings and Servs., Inc.</u>, 938 S.W.2d 27, 28 (Tex. 1996), *superceded by statute on other grounds as stated in* <u>Methodist Hosp. v. Zurich Am. Ins. Co.</u>, 329 S.W.3d 510, 517 n.6

---

[21] *See* Document No. 12 at 1.

[22] Tristar has asserted counterclaims of both common-law <u>Stowers</u> liability and of statutory liability for unfair settlement practices under the Texas Insurance Code. *See* Document No. 6 at 4-5; *see also* <u>Rocor</u>, 77 S.W.3d at 258-65 (discussing potential statutory liability for an insurer's failure to settle a third-party claim against the insured). It is not necessary to decide whether American Western could be held liable under the Insurance Code because American Western has failed to show its entitlement to summary judgment on <u>Stowers</u> liability, as discussed below.

(Tex. App.--Houston [14th Dist.] 2009, pet. denied))). A <u>Stowers</u>
action is one for the recovery of damages proximately caused by an
insurer's negligent or wrongful failure to settle--which here may
include Tristar's defense costs and the amount of any judgment
ultimately rendered against it, regardless of the Policy limits.
*See* <u>Ford</u>, 230 F.3d at 831 ("According to this duty, an insurer may
be held liable in *damages* . . . ." (emphasis added)); *see also*
<u>Rocor Int'l</u>, 77 S.W.3d at 264 ("Rocor seeks to recover its defense
costs not as a measure of contractual damages, but as tort damages
for National Union's alleged delay in settling the case once it
assumed control of the settlement negotiations. . . . National
Union is not exempt from liability for unfair claim settlement
practices merely because it had no contractual duty to defend
Rocor.").

American Western contends that it breached no duty in its
handling of settlement offers in the Underlying Suit. It focuses
upon the *second* settlement demand, when in July 2010, it exhausted
Policy limits in settling the claims against Bhanu and Motiva to
the exclusion of the Policy's other insured entities. That is,
American Western asserts that because it acted reasonably in
settling the claims against those two parties, it cannot be held
liable for breaching a duty to Tristar. *See* <u>Travelers Indemn. Co.
v. Citgo Petrol. Corp.</u>, 166 F.3d 761, 768 (5th Cir. 1999) ("[U]nder
Texas law an insurer is not subject to liability for proceeding, on

behalf of a sued insured, with a reasonable settlement . . . once a settlement demand is made, even if the settlement eliminates (or reduces to a level insufficient for further settlement) coverage for a co-insured as to whom no Stowers demand has been made."); see also Tex. Farmers Ins. Co. v. Soriano, 881 S.W.2d 312, 315 (Tex. 1994) ("[W]hen faced with a settlement demand arising out of multiple claims and inadequate proceeds, an insurer may enter into a reasonable settlement with one of the several claimants even though such settlement exhausts or diminishes the proceeds available to satisfy other claims.").

Tristar's counterclaim assertion against American Western, however, is based on the first settlement demand, in March 2009, when American Western had the opportunity to settle all claims against all parties--including Tristar--for the Policy limits of $1 million. Indeed, it is the rejection of that offer that may subject American Western to Stowers liability to Tristar.

American Western argues that it was justified in rejecting the first Stowers settlement demand in 2009 because at that time "there were serious questions about coverage." But Stowers liability is avoided under the coverage element when there is no coverage, not where there is uncertainty regarding coverage. See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc., 246 S.W.3d 42, 46 (Tex. 2008) (noting "the dilemma faced by both insurer and insured when a claimant presents a

10

settlement demand within policy limits and coverage is uncertain," because, in part, "an insurer that rejects a reasonable offer within policy limits risks significant potential liability for bad-faith insurance practices if it does not ultimately prevail in its coverage contest" (citing and discussing <u>Tex. Assoc. of Counties Cnty. Gov't Risk Mgmt. Pool v. Matagorda Cnty.</u>, 52 S.W.3d 128, 135 (Tex. 2000); <u>Stowers</u>, 15 S.W.2d at 547)); <u>Am. Physicians</u>, 876 S.W.2d at 848 ("We start with the proposition that an insurer has no duty to settle a claim *that is not covered under its policy*." (emphasis added)). Whether there are "questions" about coverage at the time of the settlement offer is not the equivalent of establishing as a matter of law that there is no coverage for the claim.

The contention that there was questionable coverage would be better addressed to the third <u>Stowers</u> liability element, which American Western also argues, namely, whether a reasonable insurer would have accepted the settlement at the time it was offered. Here, however, American Western's subsequent decision to pay the entire policy limits to settle for only two defendants presents a genuine issue of material fact regarding its reasonableness in rejecting the first offer to pay Policy limits in settlement for all four defendants. American Western, as movant, carries the burden to show its entitlement to summary judgment as a matter of

law.  It has failed to do so with respect to its potential <u>Stowers</u>
liability.

### IV.  <u>Order</u>

For the foregoing reasons, it is

ORDERED  that  Plaintiff  American  Western  Home  Insurance
Company's Motion for Summary Judgment (Document No. 11) is GRANTED
in part, and it is DECLARED that Plaintiff American Western Home
Insurance Company has no remaining contractual obligation under
American Western Home Insurance Company Policy Number ZM0721813F,
for the Policy Period 02/16/07 to 02/16/08, to defend or indemnify
Defendant Tristar Convenience Stores, Inc., in Case No. 2008-00151,
<u>Sinue and Sandra Miranda, Individually and as Next Friend of Jesse</u>
<u>Miranda v. Bhanu LLC, et al</u>, in the 129th Judicial District Court
of  Harris  County,  Texas;  and  Plaintiff's  Motion  for  Summary
Judgment in all other respects, including Plaintiff's contention
that  it  has  no  prospective  liability  on  any  <u>Stowers</u>  claim,  is
DENIED.

The Clerk will enter this Order and provide a correct copy to
all parties.

SIGNED at Houston, Texas, on this ___ day of June, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

12